IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA ATTACHMENT COMPANY,<br>          Plaintiff,<br><br>v.<br><br>LEGGETT & PLATT, INCORPORATED,<br>          Defendant. | CIVIL ACTION FILE<br>NO. 1:05-CV-1071-ODE |

**LEGGETT & PLATT, INCORPORATED'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO VACATE JURY
<u>VERDICT, ORDERS AND JUDGMENT</u>**

**I.     INTRODUCTION**

On February 23, 2007, based on the Court's prior Order granting summary judgment to plaintiff Atlanta Attachment Company ("Atlanta Attachment") that claim 32 of U.S. Patent No. 6,834,603 ("the '603 patent") was valid and infringed (Doc. No. 164), this Court entered an Order (Doc. No. 192) granting Atlanta Attachment's motion for permanent injunction.  The Court permanently enjoined defendant Leggett & Platt, Incorporated ("L&P") from, among other things, "infringing, either literally or under the doctrine of equivalents, United States Patent No. 6,834,603."  (Doc. No. 192 at page 24.)  On February 26, 2007, L&P appealed to the Court of Appeals for the Federal Circuit from that Order as well as

1

the underlying orders addressing the '603 patent.  (See Doc. No. 193.)

On February 21, 2007, the Federal Circuit held claim 32 of the '603 patent to be invalid: "[B]ecause the third prototype was both the subject of a commercial offer for sale before the critical date and was reduced to practice at the time, claim 32 [of the '603 patent] is invalid due to the on-sale bar of section 102(b)." *Atlanta Attachment Co. v. Leggett & Platt, Inc.*, Appeal No. 2007-1188, 2008 U.S. App. LEXIS 3651, *15 (Fed. Cir. Feb. 21, 2008).  On April 7, 2008, the mandate issued from the Federal Circuit, a copy of which is attached as Exhibit 1.

This Court's conclusion that claim 32 of the '603 patent was valid was a necessary predicate to the finding of liability,[1] and thereafter the holding of a trial on damages, the verdict of the jury (Doc. No. 260), the finding that this was an exceptional case justifying attorney fees and costs to Atlanta Attachment (Doc. Nos. 271, 305 and 308), and the entry of Judgment for Atlanta Attachment (Doc. No. 309).  Now that that predicate is no longer operative, each of those entries must be vacated.

---

[1] This is the case because "an invalid claim cannot be infringed."  *See Viskase Corp. v. American Nat'l Can Co.*, 261 F.3d 1316, 1323 (Fed. Cir. 2001); *see also Shelcore, Inc. v. Durham Indus.*, 745 F.2d 621, 628 (Fed. Cir. 1984) (noting that an accused infringer "can incur no liability for 'infringement' of invalid claims"); *Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1583 (Fed. Cir. 1983) ("an invalid claim cannot give rise to liability for infringement"); *Richdel, Inc. v. Sunspool Corp.*, 714 F.2d 1573, 1580 (Fed. Cir. 1983) ("The claim being invalid, there is nothing to infringe.").

## II.  ARGUMENT

The Federal Circuit clearly and unequivocally held that (a) claim 32 of the '603 patent is invalid, and (b) the only issue being remanded to this Court for further consideration is the issue of inequitable conduct by Atlanta Attachment.

> Because embodiments of claim 32 of the '603 patent were on sale before the critical date, we reverse and remand.  [*Atlanta Attachment*, 2008 U.S. App. LEXIS 3651 at *1-2.]

* * *

> The issue of control is dispositive here, . . .  Atlanta Attachment was not experimenting within the contemplation of the experimental use doctrine when it sold its invention to Sealy because Sealy performed the testing and because Atlanta Attachment did not have control over the alleged testing to establish experimentation. . . .
>
> The first *Pfaff* prong is also met, and experimental use negated, because Atlanta Attachment had presented a commercial offer for sale of the invention en masse. . . .
>
> . . . We also conclude that the third prototype was a reduction of claim 32 to practice, and therefore the invention was ready for patenting.
>
> . . . Because the third prototype demonstrated the workability and utility of the invention of claim 32 during Atlanta Attachment's February 2001 demonstration to Sealy, claim 32 was reduced to practice, and thus ready for patenting.  [*Atlanta Attachment*, 2008 U.S. App. LEXIS 3651 at *10-12.]

* * *

> Therefore, because the third prototype was both the subject of a commercial offer for sale before the critical date and was reduced to

3

practice at the time, *claim 32 is invalid due to the on-sale bar of section 102(b)*.

> Because the third prototype was on sale, we agree with Leggett & Platt that it was material to the examination. . . . The district court did not consider intent after deciding the third prototype was an experimental use, leaving this issue of fact unresolved. We therefore remand the case for the district court to reconsider the allegation of inequitable conduct. [*Atlanta Attachment*, 2008 U.S. App. LEXIS 3651 at *15-16 (emphasis added).]

Thus, claim 32, the only claim asserted by Atlanta Attachment, is invalid.[2]

The holding by the Federal Circuit that claim 32 is invalid requires that the permanent injunction be vacated, something that Atlanta Attachment does not oppose (see Doc. No. 363). Indeed, two of the judges on the Federal Circuit panel have already stated that the issuance of the mandate required that the permanent injunction be vacated. Specifically, when this Court denied L&P's emergency motion for a stay of the injunction on March 13, 2008 (Doc. No. 358), L&P immediately filed with the Federal Circuit that same day a renewed motion to stay or vacate the injunction. Although the Federal Circuit denied that motion on

---

[2] The holding that claim 32 is invalid for being on sale is confirmed by the concurring opinion, which states that Atlanta Attachment's "sale and offer to sell conclusively demonstrate satisfaction of the first *Pfaff* prong. The experimental use doctrine is inapplicable," and "because all of Atlanta Attachment's arguments concern unclaimed features, they cannot avoid the conclusion that the third prototype was a reduction to practice and therefore met the second *Pfaff* prong." *Atlanta Attachment*, 2008 U.S. App. 3651 at *22-23.

March 14, 2008,[3] Judge Prost, in a concurring opinion, stated that "*the effect of our [February 21, 2008] opinion, if and when the mandate issues, will be to vacate the injunction*.  Also, in dissent, Judge Dyk stated:

> On February 21, 2008, this court reversed the district court's judgment of infringement and held that claim 32 of the '603 patent is invalid under the on-sale bar of 35 U.S.C. § 102(b).  *Our reversal will require that the permanent injunction be vacated*.

(Exhibit 2, Order of Federal Circuit entered March 14, 2008 and Dissent of Judge Dyk entered March 14, 2008 at page 1, emphasis added.)

The Federal Circuit's decision also affects other entries by the Court.  As noted above, "an invalid claim cannot give rise to liability for infringement." *Medtronic*, 721 F.2d at 1583.  Moreover, damages can only be awarded "[u]pon finding for the claimant." 35 U.S.C. § 284.  Because the Federal Circuit has held claim 32 invalid and, therefore, L&P cannot be liable for any alleged infringement of that claim, the Verdict (Doc. No. 260) and the portion of the Court's Order awarding enhanced damages (Doc. No. 271) must be vacated.  Similarly, because attorney fees may only be awarded "to the prevailing party," 35 U.S.C. § 285, the award of attorney fees and costs to Atlanta Attachment (Doc. Nos. 271, 305 and 308) must also be vacated.  *See, e.g. Tegal Corp. v. Tokyo Electron America, Inc.*,

---

[3] L&P also submitted to the Federal Circuit before its decision on L&P's motion this Court's Order faxed on March 13 and filed on March 14 (Doc. No. 359).

257 F.3d 1331, 1351 (Fed. Cir. 2001) (vacating finding that case was exceptional and the award of attorney fees where the court vacated the district court's determination the patent in suit was not anticipated); *Baker Oil Tools, Inc. v. George Vann, Inc.*, 828 F.2d 1558, 1566 (Fed. Cir. ) (vacating award of attorney fees, costs and expenses when district court's entry of summary judgment, upon which the award was premised, was reversed). Finally, the Judgment entered by the Court (Doc. No. 309), which was also premised on the grant of summary judgment that claim 32 was valid and infringed, must be vacated.

### III.  CONCLUSION

In view of the holding by the Federal Circuit that claim 32 of the '603 patent is invalid, and for the reasons set out above, defendant Leggett & Platt, Incorporated respectfully requests that its motion be granted and that the Court enter an Order:

1) Vacating the Verdict entered March 22, 2007(Doc. No. 260);

2) Vacating the Order entered June 20, 2007 (Doc. No. 271);

3) Vacating the Findings of Fact, Conclusions of Law, and Order Concerning Attorneys' Fees and Costs entered October 19, 2007 (Doc. No. 305);

4) Vacating the Order entered November 2, 2007 (Doc. No. 308); and

5) Vacating the Judgment entered November 2, 2007 (Doc. No. 309).

Submitted this 9th day of April, 2008.

       /s/ Theodore R. Remaklus
Theodore R. Remaklus
Admitted *pro hac vice* on May 13, 2005
E-mail:  tremaklus@whepatent.com
WOOD, HERRON & EVANS, L.L.P.
2700 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202-2917
Telephone:  (513) 241-2324
Facsimile:   (513) 421-7269

Donald R. Andersen
Georgia Bar No. 016125
E-mail:  dandersen@stites.com
STITES & HARBISON, PLLC
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, Georgia 30308
Telephone:  (404) 739-8800
Facsimile:   (404) 739-8870

Chilton D. Varner
Georgia Bar No. 725450
E-mail:  cvarner@kslaw.com
KING & SPALDING
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone:  (404) 572-4600
Facsimile:   (404) 572-5100

ATTORNEYS FOR DEFENDANT
Leggett & Platt Incorporated

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA ATTACHMENT COMPANY,<br>            Plaintiff,<br><br>v.<br><br>LEGGETT & PLATT, INCORPORATED,<br>            Defendant. | CIVIL ACTION FILE<br>NO. 1:05-CV-1071-ODE |

## **CERTIFICATE OF COMPLIANCE**

I, Theodore R. Remaklus, certify that the above and foregoing has been prepared in Times New Roman 14 font and is in compliance with United States District Court, Northern District of Georgia Local Rule 5.1.


**WOOD, HERRON & EVANS, L.L.P.**     /s/ Theodore R. Remaklus
2700 Carew Tower                                   Theodore R. Remaklus
441 Vine Street
Cincinnati, Ohio 45202                            ATTORNEY FOR DEFENDANT
Telephone:  513/241-2324
Facsimile:   513/421-7269
E-mail:  tremaklus@whepatent.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA ATTACHMENT COMPANY,<br>          Plaintiff,<br><br>v.<br><br>LEGGETT & PLATT, INCORPORATED,<br>          Defendant. | CIVIL ACTION FILE<br>NO. 1:05-CV-1071-ODE |

## **CERTIFICATE OF SERVICE**

I, Theodore R. Remaklus, certify that a true and correct copy of the foregoing was served on the following counsel for Plaintiff via electronic notification:

>Douglas D. Salyers
>Jeffrey C. Morgan
>Trenton A. Ward
>TROUTMAN SANDERS LLP
>600 Peachtree Street, NE, Suite 5200
>Atlanta, GA 30308-2216

This 9th day of April, 2008.

>/s/ Theodore R. Remaklus
>Theodore R. Remaklus
>
>ATTORNEY FOR DEFENDANT