IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA ATTACHMENT COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>LEGGETT & PLATT, INCORPORATED,<br><br>        Defendant. | CIVIL ACTION FILE<br>NO. 1:05-CV-1071-ODE |

### **DEFENDANT'S MOTION FOR RULE 16 CONFERENCE**

COMES NOW Leggett & Platt, Inc. ("L&P") and hereby files this its Motion for Rule 16 Conference and incorporated Memorandum of Law in Support, showing the Court as follows:

The United States Court of Appeals for the Federal Circuit ("CAFC") recently remanded this case to this Court to determine specifically whether Atlanta Attachment Company ("AAC") committed fraud upon the United States Patent and Trademark Office ("PTO") when prosecuting U.S. Patent No. 6,834,603 (the "'603 patent"). The CAFC determined that certain sales made more than one year before the filing of the '603 patent application constituted a statutory bar that rendered Claim 32 of the '603 patent invalid.  These sales were not disclosed to the PTO

during the prosecution of the '603 patent application.  Additionally, L&P has learned (1) of additional prior art believed to have been known to AAC that also was not disclosed to the PTO during the prosecution of the '603 patent, and (2) of documents withheld by AAC that show fraudulent inventorship of U.S. Patent No. 6,574,815 and raise serious questions as to whether AAC provided full disclosure on other matters, including on the inequitable conduct issue. This Court should permit discovery prior to any final determination on these issues.  Finally, L&P has been damaged during the permanent injunction period by its inability to make or sell the GPT-1000 in the United States, and if the '603 patent (and the '815 patent) is invalid for fraud upon the PTO and this litigation was pursued in bad faith, L&P may recover those damages as well as its attorneys' fees and costs. The existence of these issues necessitate a Rule 16 pretrial conference with the Court so that this case may be efficiently managed going forward.  L&P therefore respectfully requests that this Court enter an Order scheduling a pretrial conference pursuant to Rule 16 at the earliest available date.

## **MEMORANDUM OF LAW**

On February 21, 2008, the CAFC issued its Opinion reversing this Court's Order awarding summary judgment to AAC.  The CAFC held that claim 32 of the '603 patent was invalid because embodiments of Claim 32 of the '603 patent were

on sale before the critical date. The CAFC also reversed this Court's finding that AAC had not engaged in any inequitable conduct before the PTO in prosecuting the '603 patent. The CAFC remanded the case to this Court on the issue of AAC's intent in failing to disclose the commercial sales to the PTO. On March 31, 2008, the CAFC denied AAC's Petition for Rehearing.

On April 7, 2008, the Federal Circuit issued its mandate, which was subsequently filed with the clerk of the United States District Court for the Northern District of Georgia on April 10, 2008. This Court issued its Order making the mandate of the Federal Circuit the judgment of this Court on April 14, 2008. Thus, the issue of AAC's intent is now squarely before this Court, but it is not ripe for decision at this time, as AAC wishes this Court to believe. L&P is entitled to further discovery on this issue, as well as AAC's failure to disclose the additional recently discovered prior art and its failure to provide full production of relevant documents to L&P.

ARGUMENT AND CITATION TO AUTHORITY

Federal Rule of Civil Procedure 16(a) confers upon this Court the power to:

Order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:

(1) expediting disposition of the action;

(2) establishing early and continuing control so that the case

> will not be protracted because of lack of management;
>
> (3)  discouraging wasteful pretrial activities;
>
> (4)  improving the quality of the trial through more thorough preparation; and
>
> (5)  facilitating settlement.

Fed. R. Civ. P. 16 (a).  In addition, Rule 16(c) (2) states that this Court

> . . . may consider and take appropriate action on the following matters:
>
> (A)  formulating and simplifying the issues, and eliminating frivolous claims or defenses;
>
> (B)  amending the pleadings if necessary or desirable; . . .
>
> (E)  determining the appropriateness and timing of summary adjudication under Rule 56;
>
> (F)  controlling and scheduling discovery . . .;
>
> (G)  identifying witnesses and documents, scheduling the filing and exchange of pretrial briefs, and setting dates for further conferences and for trial; . . .
>
> (K)  disposing of pending motions; . . .[and]
>
> (P)  facilitating in other ways the just, speedy, and inexpensive disposition of the action.

Fed. R. Civ. P. 16 (c) (2).  *See also In re HealthSouth Corp. Ins. Litig.*, 308 F. Supp. 2d 1253, 1266 n.2 (N.D. Ala. 2004) ("Rule 16(c) of the Federal Rules of the Civil Procedure acknowledges the trial court's inherent power "in the formulation

and simplification of the issues, including elimination of frivolous claims or defenses;" *the appropriateness and timing of summary adjudication under Rule 56*; and the need for adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions …"); *Arabian American Oil Co. v. Scarfone*, 119 F.R.D. 448 (M.D. Fla. 1988) ("The obvious purpose and air of Rule 16 is to allow courts the discretion and processes necessary for intelligent and effective case management and disposition").

Combined with the remand, a number of events have occurred since April 14 that necessitate a pre-trial conference pursuant to Federal Rule of Civil Procedure 16.  On November 19, 2007, L&P filed its Renewed and Amended Request Based on Newly Discovered Evidence of Non-Patent Prior Art for Reconsideration of Order Granting Summary Judgment. That request included evidence of prior art machines sold in the United States in the 1980s and early 1990s by Durkopp Adler, Inc. (and later Durkopp Adler America, Inc.), a U.S. affiliate of the German company Baumer, Flachmann & Co. GmbH.  Durkopp Adler was at that time headed by G. Wendell Piper, the person who later became AAC's president at the time of its prosecution of the '603 patent application.  Durkopp Adler also employed Hank Little who also later became an employee of AAC during the

prosecution of '603 patent. Additionally, on May 2, 2008, L&P requested that AAC supplement its discovery responses pursuant to Federal Rule of Civil Procedure 26(e)(1) in view of the fact that AAC had filed a declaration of Elvin Price with the PTO that showed the inventorship of the '815 patent was fraudulent and the sales by Dukopp Adler of prior art not disclosed to the PTO.  This new evidence strongly indicates that AAC has additional responsive documents in its possession, custody, and control that would help establish AAC's fraudulent intent in prosecuting the '603 patent, and that would establish fraudulent prosecution of the '815 patent (and AAC's knowledge of that fraud).

Shortly thereafter, and without supplementing its discovery, on May 19, AAC filed with this Court a Renewed Motion for Summary Judgment of No Inequitable Conduct and a Motion for Order to Resolve all Pending Motions. Specifically, AAC has listed L&P's motion challenging the validity of the '603 patent (Docket #315) and other related motions (Docket ## 340 and 345) among those motions it contends are "moot."  While the issue of the invalidity of Claim 32 of the '603 patent has been resolved by the CAFC, the remaining issues raised by these motions are not moot.  This Court should still consider whether the '603 patent is invalid based on significant prior art and whether the '603 patent is unenforceable due to AAC's own inequitable conduct because these issues are

6

inextricably tied to the one issue the Federal Circuit remanded for reconsideration— whether AAC committed fraud upon the Patent and Trademark Office. That evidence also raises new issues regarding inequitable conduct in the prosecution of the '815 patent, and that issue should be reconsidered.

In addition, this recently discovered evidence, combined with the CAFC's ruling, provides the basis for counterclaims for damages resulting from the entry of the permanent injunction that L&P intends to seek leave to assert on the grounds that the assertion of the '603 patent was in bad faith. This recently discovered evidence and L&P's intended amended counterclaims will also necessitate additional discovery in this case. This additional discovery will be necessary not only to pursue additional counterclaims against AAC, but also to fully discover the extent of AAC's fraudulent intent in prosecuting the '603 patent, the fraudulent prosecution of the '815 patent, and AAC's fraudulent intent in asserting the '603 and '815 patents in this case.

For all of these reasons, a pretrial conference pursuant to Rule 16 would be especially beneficial to both the Court and the parties at this time. This is precisely the kind of situation that Rule 16 was meant to address. The Notes of the Advisory Committee on the 1983 Amendments to Rule 16 state that Rule 16 (a) was designed to "embrace[] the entire pretrial phase, *especially motions and*

*discovery.*" (Emphasis added).

Defendant Leggett & Platt therefore respectfully requests that this Court enter an Order scheduling a pre-trial conference pursuant to Federal Rule of Civil Procedure 16.

Submitted this 4th day of June, 2008.

        /s/Chilton D. Varner
        Chilton D. Varner
        Georgia Bar No. 725450
        E-mail:  cvarner@kslaw.com
        KING & SPALDING
        1180 Peachtree Street, NE
        Atlanta, Georgia 30309
        Telephone:  404.572.4600
        Facsimile:   404.572.5100

        Theodore R. Remaklus
        Admitted *pro hac vice* on May 13, 2005
        E-mail:  tremaklus@whepatent.com
        WOOD, HERRON & EVANS, L.L.P.
        2700 Carew Tower
        441 Vine Street
        Cincinnati, Ohio 45202-2917
        Telephone:  513.241.2324
        Facsimile:   513.421.7269

Donald R. Andersen
Georgia Bar No. 016125
E-mail: dandersen@stites.com
STITES & HARBISON, PLLC
303 Peachtree Street, N.E.
2800 SunTrust Plaza
Atlanta, Georgia 30308
Telephone: 404.739.8800
Facsimile: 404.739.8870


ATTORNEYS FOR DEFENDANT
Leggett & Platt, Incorporated

9

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA ATTACHMENT COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>LEGGETT & PLATT, INCORPORATED,<br><br>        Defendant. | CIVIL ACTION FILE<br>NO. 1:05-CV-1071-ODE |

## **CERTIFICATE OF COMPLIANCE**

I, Chilton D. Varner, certify that the above and foregoing has been prepared in Times New Roman 14 font and is in compliance with United States District Court, Northern District of Georgia Local Rule 5.1.

| | |
|---|---|
| KING & SPALDING<br>1180 Peachtree Street, NE<br>Atlanta, Georgia 30309<br>Telephone: 404.572.4600<br>Facsimile:  404.572.5100<br>cvarner@kslaw.com | /s/Chilton D. Varner<br>Chilton D. Varner<br><br>ATTORNEY FOR DEFENDANT |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ATLANTA ATTACHMENT COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>LEGGETT & PLATT, INCORPORATED,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:05-CV-1071-ODE |

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

    Douglas D. Salyers
    Jeffrey C. Morgan
    Trenton A. Ward
    Troutman Sanders LLP
    600 Peachtree Street, NE, Suite 5200
    Atlanta, GA 30308-2216

  This 4th day of June, 2008.

               /s/Chilton D. Varner_____
               Chilton D. Varner

               ATTORNEY FOR DEFENDANT